# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 16-1494V
(not to be published)

| | |
|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * *<br>EBONIE WEAVER<br>*parent of T. M. a minor*,<br><br>              Petitioner,<br><br>    v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>              Respondent.<br>* * * * * * * * * * * * * * * * * * * * * * * * | Chief Special Master Corcoran<br><br><br><br><br>Dated: August 25, 2022 |

*Edward Kraus,* Kraus Law Group, LLC, Chicago, IL*,* for Petitioner.

*Megan R Murphy,* U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION GRANTING INTERIM AWARD OF ATTORNEY'S FEES AND COSTS[1]

On November 14, 2016, Ebonie Weaver, on behalf of her minor daughter, T.M., filed a petition for compensation under the National Vaccine Injury Compensation Program (the "Program").[2] ECF No. 1. Petitioner has alleged that as a result of receiving several vaccines on December 10, 2013, T.M. experienced a seizure disorder and a significant worsening of her developmental delays. *Id*. The matter went to trial on February 9-10, 2022, and an entitlement determination remains pending.

---

[1] Because this Decision contains a reasoned explanation for my actions in this case, it must be posted on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id*.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "Vaccine Act" or "the Act"]. Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

Petitioner has now filed a motion for an interim award of attorney's fees and costs. Motion, dated August 12, 2022 (ECF No. 75). It is the first fees request in this case. Petitioner requests a total of $166,561.56 ($123,633.20 in attorney's fees and $42,928.36 in costs) for the work of her attorneys (Edward Kraus, Amy Kraus, and Brynna Gang, at Kraus Law Group, LLC) between September 10, 2014 and August 10, 2022. ECF No. 75 at 1.

Respondent reacted to the fees request on August 23, 2022. *See* Response, August 23, 2022 (ECF No. 76). Respondent defers the calculation of the amount to be awarded to my discretion and has not otherwise taken a position on the appropriateness of an interim award. *Id.* at 3–4. Petitioner did not file a Reply.

For the reasons set forth below, I hereby **GRANT** Petitioner's motion, awarding fees and costs in the total amount of **$166,561.56**.

## ANALYSIS

**I.     Petitioner's Claim has Reasonable Basis**

Although the Vaccine Act only guarantees a reasonable award of attorney's fees and costs to successful petitioners, a special master may also award fees and costs in an unsuccessful case if: (1) the "petition was brought in good faith"; and (2) "there was a reasonable basis for the claim for which the petition was brought." Section 15(e)(1). I have in prior decisions set forth at length the criteria to be applied when determining if a claim possessed "reasonable basis" sufficient for a fees award. *See, e.g.*, *Sterling v. Sec'y of Health & Hum. Servs.*, No. 16-551V, 2020 WL 549443, at *4 (Fed. Cl. Spec. Mstr. Jan. 3, 2020). Importantly, establishing reasonable basis does not *automatically* entitle an unsuccessful claimant to fees, but is instead a threshold obligation; fees can still thereafter be limited, if unreasonable, or denied entirely. Cases that are unresolved and/or pending must be evaluated for reasonable basis, because the claim's success remains to be determined.

A claim's reasonable basis[3] must be demonstrated through some objective evidentiary showing. *Cottingham v. Sec'y of Health & Hum. Servs.*, 971 F.3d 1337, 1344 (Fed. Cir. 2020) (citing *Simmons v. Sec'y of Health & Hum. Servs.*, 875 F.3d 632, 635 (Fed. Cir. 2017)). This objective inquiry is focused on the *claim*—counsel's conduct is irrelevant (although it may bulwark good faith). *Simmons*, 875 F.3d at 635. Reasonable basis inquiries are not static—they

---

[3] Because this claim's good faith is not in dispute, I do not include a discussion of the standards applicable to that fees prong.

evaluate not only what was known at the time the petition was filed, but also take into account what is learned about the evidentiary support for the claim as the matter progresses. *Perreira v. Sec'y of Health & Hum. Servs.*, 33 F.3d 1375, 1377 (Fed. Cir. 1994) (upholding the finding that a reasonable basis for petitioners' claims ceased to exist once they had reviewed their expert's opinion, which consisted entirely of unsupported speculation).

The standard for reasonable basis is lesser (and thus inherently easier to satisfy) than the preponderant standard applied when assessing entitlement, as cases that fail can still have sufficient objective grounding for a fees award. *Braun v. Sec'y of Health & Hum. Servs.*, 144 Fed. Cl. 72, 77 (2019). The Court of Federal Claims has affirmed that "[r]easonable basis is a standard that petitioners, at least generally, meet by submitting evidence." *Chuisano v. Sec'y of Health & Hum. Servs.*, 116 Fed. Cl. 276, 287 (Fed. Cl. 2014) (internal quotations omitted) (affirming special master). The factual basis and medical support for the claim is among the evidence that should be considered. *Carter v. Sec'y of Health & Hum. Servs.*, 132 Fed. Cl. 372, 378 (Fed. Cl. 2017). Under the Vaccine Act, special masters have "maximum discretion" in applying the reasonable basis standard. *See, e.g.*, *Silva v. Sec'y of Health & Hum. Servs.*, 108 Fed. Cl. 401, 401–02 (Fed. Cl. 2012).[4]

I have no trouble herein determining that the claim possesses reasonable basis. The evidence offered at trial clearly established core objective evidence relevant to the analysis (i.e., fact of vaccination and medical record proof of injury). While the ultimate resolution of causation remains to be determined, Petitioner has put forward more than enough objective support for the claim for a favorable reasonable basis determination. And there are no other grounds for denying a fees award at this time, with the case having been litigated for nearly six years and having gone to trial as well. For those reasons, I will permit an interim award herein. I admonish Petitioner, however, that I will allow *no* fees to be awarded for any future work on this matter (including appellate efforts) until the case is fully concluded, and so I will defer acting on any additional interim requests that Petitioner may decide to advance.

## II.   Calculation of Fees

Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method—"multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into

---

[4] *See also Chuisano*, 116 Fed. Cl. at 285 (cautioning against rigid rules or criteria for reasonable basis because they would subvert the discretion of special masters and stating that an amorphous definition of reasonable basis is consistent with the Vaccine Act as a whole).

consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis* exception"). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for her attorneys, based on the years work was performed:

|  | 2014 | 2015 | 2016 | 2017 | 2018 | 2019 | 2020 | 2021 | 2022 |
|---|---|---|---|---|---|---|---|---|---|
| **Edward Kraus (Attorney)** | $361 | $375 | $389 | $398 | $409 | -- | $435 | $458 | $472 |
| **Amy Kraus (Attorney)** | -- | -- | $311 | $318 | $327 | -- | -- | $384 | $414 |
| **Brynna Gang (Attorney)** | -- | -- | -- | -- | -- | -- | -- | $325 | $350 |
| **Paralegals** | $100 | $110 | $110 | $125 | -- | -- | $160 | $170 | $170 |

ECF No. 75 at 1–2, 6–22.

The attorneys in question have been recognized to practice in-forum, entitling them to commensurate rates established in *McCulloch*. *See Piatek v. Sec'y of Health & Hum. Servs.*, No. 16-524V, 2021 WL 5755318, at *3 (Fed. Cl. Spec. Mstr. Sept. 20, 2021). The requested rates are also consistent with what has previously been awarded for their work, in accordance with the Office of Special Masters' fee schedule.[5] *See Prado v. Sec'y of Health & Hum. Servs.*, No. 21-

---

[5] OSM Attorneys' Forum Hourly Rate Fee Schedules, https://www.uscfc.uscourts.gov/node/2914 (last visited Mar. 22, 2021).

1087V, 2022 WL 2277118, at *1 (Fed. Cl. Spec. Mstr. May 23, 2022). I thus find no cause to reduce them in this instance. I otherwise deem the time devoted to the matter reasonable, and will therefore award it without adjustment.

### III. Calculation of Attorney's Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No.10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner seeks $42,928.36 in outstanding costs, including medical literature and medical record retrieval costs, plus costs associated with the work of two experts - Marcel Kinsbourne, M.D., and Mahbubul Huq, M.B.B.S., Ph.D. ECF No. 75 at 33–34. Dr. Kinsbourne did not testify at the hearing, but authored two expert reports, billing $14,000.00 in total at a rate of $500 per hour, with a retainer fee of $5,000.00. ECF No. 75 at 33–34, 77. Dr. Huq testified at the hearing and authored one expert report, billing $19,125.00 in total at a rate of $500.00 per hour, with a retainer fee of $6,000.00. ECF Nos. 75 at 33–34, 84, 95–96.

The total amount incurred for both experts' services was wholly reasonable for the work performed, and I do not find any reason to make any reductions. All other requested costs in this matter appear reasonable, and they shall also be awarded in full without reduction.

## CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of an interim fees award, I **GRANT** Petitioner's Motion for and Interim Award of Attorney's Fees and Costs, awarding **$166,561.56,** reflecting $123,633.20 in attorney's fees and $42,928.36 in costs, in the form of a check made jointly payable to Petitioner and her attorney Mr. Edward Kraus.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[6]

**IT IS SO ORDERED.**

s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.