**In the United States Court of Federal Claims**
**OFFICE OF SPECIAL MASTERS**
No. 16-1494V

```
* * * * * * * * * * * * * * * * * * * * * * *
EBONIE WEAVER                             *
parent of T.M. a minor,                   *       Filed:  May 8, 2023
                                          *
              Petitioner,                 *
                                          *
       v.                                 *
                                          *
SECRETARY OF HEALTH AND                   *
HUMAN SERVICES,                           *
                                          *
              Respondent.                 *
                                          *
* * * * * * * * * * * * * * * * * * * * * * *
```

*Edward Kraus,* Kraus Law Group, LLC, Chicago, IL, for Petitioner.

*Megan R. Murphy,* U.S. Department of Justice, Washington, DC, for Respondent.

**REMAND RULING ON ENTITLEMENT**[1]

On November 14, 2016, Ebonie Weaver, on behalf of her minor daughter, T.M., filed a Petition under the National Vaccine Injury Compensation Program (the "Vaccine Program"),[2] alleging that as a result of receiving several vaccines on December 10, 2013, T.M. experienced a seizure disorder and a significant worsening of her preexisting developmental delays, due to a single, initial, vaccine-induced febrile seizure. Petition (ECF No. 1) at 1–2, 40.

An entitlement hearing in the matter was held on February 9–10, 2022, at which time I heard fact testimony as well as the opinions of two testifying experts (with the second of

---

[1] The parties may object to the published Ruling's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the entire Ruling will be available to the public in its current form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. §§ 300aa-10–34 (2012)) (hereinafter "Vaccine Act" or "the Act"). All subsequent references to sections of the Vaccine Act shall be to the pertinent subparagraph of 42 U.S.C. § 300aa.

Petitioner's experts only offering written expert reports). I found Petitioner not entitled to compensation. Decision, dated September 23, 2022 (ECF No. 81) (the "Decision"). In particular,[3] I determined that Petitioner *had* established that the vaccines T.M. received could cause febrile seizures (as well as seizure disorders caused by an initial, vaccine-related febrile seizure), and that she experienced such a seizure as well (which occurred in a medically acceptable timeframe)—but that Petitioner had not also preponderantly demonstrated that the vaccine-caused febrile seizure T.M. had experienced was also responsible for T.M.'s subsequent seizure disorder. Decision at 33–35. Thus, Petitioner had only satisfied two of the three of the causation prongs set forth in *Althen v. Sec'y of Health & Hum. Servs.*, 418 F.3d 1274, 1278 (Fed. Cir. 2005). I also found that Petitioner's significant aggravation claim (that her pre-vaccination developmental issues were worsened by the febrile seizure) was unsuccessful for similar reasons. *Id.* at 35–36. Otherwise, I found that the first three prongs of the test for significant aggravation (under *Loving v. Sec'y of Health & Hum. Servs.*, 86 Fed. Cl. 135, 144 (2009)) had been met. *Id.* at 35 n.21.

Petitioner sought review of my Decision and was successful. *See* Order, dated February 24, 2023 (ECF No. 89) (the "Remand Order"). The Remand Order reversed my *Althen* prong two finding, determining that Petitioner had established entitlement on her causation claim as a result. But the Court left unresolved whether Petitioner had met *Loving* prongs five and six, based on the Court's *Althen* prong two determination plus the fact that I did not in my decision explicitly address whether the sixth *Loving* factor had been satisfied (Remand Order at 1 n.10).

On remand, I ordered Respondent to show cause why I should not rule favorably on entitlement on the significant aggravation claim as well. Order to Show Cause, dated February 27, 2023 (ECF No. 90). I noted in particular that because I already had determined (implicitly) in my original Decision that the third *Althen* prong had been met, it was likely I could also find based on that same record that the timing of Petitioner's developmental worsening after her first febrile seizure (admittedly induced by vaccination) was also medically acceptable. Respondent reacted to my Order to Show Cause on March 31, 2023. ECF No. 97. He represents therein that the reversal of my *Althen* prong two finding "would also necessitate a finding for petitioner under *Loving* prong five." ECF No. 97 at 2. He did not, however, address the sixth *Loving* prong. Petitioner has not filed a responsive brief of her own.

In light of Respondent's reaction to the Order to Show Cause, and based upon my own review of the record in the wake of the Remand Order, I hereby find entitlement for Petitioner on all claims asserted in this matter, to the extent not addressed or resolved in the Remand Order. Regarding significant aggravation, I note that since the Court has construed the record to support the theory that T.M.'s initial (and unquestionably-established) vaccine-caused febrile seizure was a substantial factor for all that came after, and therefore a basis for vaccine compensation, that

---

[3] Although the Decision has been vacated, I incorporate by reference my summary of the medical records and trial testimony from that document—especially since the Court took less issue with the specifics of those determinations than how I ultimately weighed those facts, and accepted some of my *Althen* determinations as well.

same view of the record also supports the determination that T.M.'s preexisting developmental problems were similarly caused to worsen post-vaccination due to the same single vaccine-caused seizure. I also find that (with respect to *Loving* prong six) the timeframe for worsening of Petitioner's preexisting developmental issues was medically acceptable when measured from the date of vaccination, consistent with my *Althen* prong three determination. The record reveals T.M.'s developmental issues were observed throughout the spring of 2014, concurrent with her experiencing more regular febrile seizures. *See* Decision at 5–8. And Petitioner's experts offered reasonable, sufficiently-persuasive testimony to conclude that this timeframe of worsening was medically acceptable. *Id.* at 15–16.

Petitioner has prevailed in this case. An order setting forth a process for resolving damages shall issue hereafter. Any questions regarding this Ruling may be directed to my law clerk, Madison Atkinson, at madison_atkinson@cfc.uscourts.gov.

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master