# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 16-1494V

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * | | |
| EBONIE WEAVER, *parent of T.M., a minor*, | * * * | Chief Special Master Corcoran |
| Petitioner, | * * | Filed: November 24, 2025 |
| v. | * * | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * * * | |
| Respondent. | * * | |
| * * * * * * * * * * * * * * * * * * * * * * * * | | |

*Edward Kraus*, Kraus Law Group, LLC, Chicago, IL, for Petitioner.

*Meghan Murphy*, U.S. Dep't of Justice, Washington, DC, for Respondent.

### DECISION GRANTING IN PART MOTION FOR FINAL AWARD OF ATTORNEY'S FEES AND COSTS [1]

On November 14, 2016, Ebonie Weaver, on behalf of her minor daughter, T.M., filed a petition seeking compensation under the National Vaccine Injury Compensation Program.[2] Petition (ECF No. 1) at 1. Petitioner alleged that T.M. suffered a "seizure disorder and its sequelae that were more likely than not caused by an adverse reaction to DTaP, Hib, IPV, Rotateq, and hepatitis B vaccines administered to her on December 10, 2013." *Id.* Petitioner succeeded in establishing entitlement, and damages were issued in this case this past spring.

---

[1] Under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its present form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

Petitioner has now filed a motion for a final award of attorney's fees and costs. Motion for Final Award of Attorney's Fees and Costs, dated Oct. 31, 2025 (ECF No. 117) ("Mot."). This is Petitioner's second, final fees and costs request (Petitioner originally filed for, and was granted, Interim Fees in 2022 (Decision, dated Aug. 25, 2022 (ECF No. 77) ("Interim Fee Dec."))). The expenses requested in Petitioner's Final Motion for Attorney's Fees and Costs were incurred after filing their Motion for Interim Fees. Mot. at 1. Petitioner requests $121,257.38 in fees and costs (reflecting $75,555.20 in attorney's fees and $15,639.95 in costs for the work performed by attorneys at Kraus Law Group, plus $45,702.18 in Petitioner's outstanding costs to establish and maintain a guardianship over T.M.'s estate). Mot. at 1. Respondent reacted to the present fees request on November 3, 2025. *See* Response, dated Nov. 3, 2025 (ECF No. 118) ("Resp."). Respondent agrees that Petitioner has satisfied the statutory requirement for a fees award, and otherwise defers the calculation of the amount to be awarded to my discretion. Resp. at 2–3. Petitioner did not file a Reply.

For the reasons set forth below, I hereby **GRANT IN PART** Petitioner's motion, awarding fees and costs in the total amount of **$121,041.38.**

## ANALYSIS

### I. Calculation of Attorney's Fees

Because Petitioner's claim was successful, she is entitled to a fees and costs award—although only "reasonable" fees or costs may be awarded in the Program. Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method—"multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensely v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bass the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis*" exception"). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine

Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for her attorney and support staff, based on the years work was performed:

|  | 2022 | 2023 | 2024 | 2025 |
|---|---|---|---|---|
| Amy Kraus (Attorney) | $494.00 | $436.00 | N/A | $494.00 |
| Edward Kraus (Attorney) | $472.00 | $497.00 | $525.00 | $564.00 |
| Brynna Gang (Attorney) | $350.00 | N/A | $412.00 | $443.00 |
| Amanda Ramos (Paralegal) | $170.00 | $177.00 | $186.00 | N/A |
| Megan Vignocchi (Paralegal) | N/A | N/A | N/A | $180.00 |

Mr. Kraus, Mrs. Kraus, and Ms. Gang practice in Chicago, IL—a jurisdiction that has been deemed "in forum." Accordingly, counsel should be paid forum rates as established in *McCulloch*. *See Piatek v. Sec'y of Health & Hum. Servs.*, No. 16-524V, 2021 WL 5755318 (Fed. Cl. Spec. Mstr. Sept. 20, 2021). Upon review, most of the requested hourly rates are consistent with the OSM Attorneys' Forum Hourly Rate Fee Schedules and what has been awarded to these practitioners in the past. I will, however, adjust Ms. Kraus's 2022 rate to **$414.00**, consistent with the rate I awarded her in my Decision granting Petitioner's Interim Fee request. Interim Fee Dec. at 3. This reduces the amount of fees to be awarded by **$216.00**.[3] Otherwise, I find the time devoted to the matter since the first interim award to have been reasonable, and will make no adjustments to the award in that respect.

## II.   Calculation of Attorney's Costs

Petitioners seeks $45,702.18 in outstanding costs, comprised of $15,639.95 in outstanding litigation costs, $10,193.77 in costs to establish a minor guardianship of T.M.'s estate, and $19,868.46 in costs to maintain guardianship of T.M.'s estate for six years. Mot. at 1.

---

[3] Calculated by: $494.00 – $414.00 = $80 x (0.4 hours + 2.30 hours) = $216.00. *See* Mot. at 5 (fee entries dated Aug. 11, 2022).

3

### a. Litigation Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002): *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No. 10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner seeks $15,639.95 in outstanding costs, including the filing fee, medical record retrieval costs, mailing costs, and costs associated with the work of Medical Legal Services for the coordination of future care, report, and plan for the Petitioner. Mot. at 31–93. I find those costs requested to be reasonable overall, they shall be reimbursed in full. All other requested costs in this matter are commonly incurred in the Vaccine Program and are reasonable herein.

### b. Costs to Establish a Minor Guardianship over T.M.'s Estate

Petitioner also seeks reimbursement of attorneys' fees and costs related to the guardianship proceedings undertaken by Anthony M. Abou Ezzi of Ezzi Law and for the projected maintenance of the guardianship for T.M., until T.M. reaches the age of majority. *See* Mot. at 1, 95–105.

Special Masters have awarded fees-related costs incurred in the establishment of a guardianship estate, and also where guardianship is incorporated into the terms of stipulation or proffer. *See e.g.*, *Strickland v. Sec'y of Health & Hum. Servs.*, No. 18-269V, 2023 WL 2364907, at *8 (Fed. Cl. Mar. 6, 2023); *Martin v. Sec'y of Health & Hum. Servs.*, No. 16-318V, 2019 WL 625442 (Fed. Cl. Spec. Mstr. Jan 22, 2019); *Derenzo v. Sec'y of Health & Hum. Servs.*, No. 16-35V, 2018, WL 1125231 (Fed. Cl. Spec. Mstr. Jan 9, 2018); *Cansler v. Sec'y of Health & Hum. Servs.*, No. 09-596V, 2011 WL 597791, at *3 (Fed. Cl. Spec. Mstr. Feb. 2, 2011).

Here, Petitioner's guardianship attorney, Mr. Ezzi, incurred fees and costs relative to the establishment of a guardianship of the estate of T.M. in the amount of $13,193.77 - $12,802.50 in fees for the establishment of the guardianship, and $391.27 for costs associated with establishing the guardianship. Mot. at 101–102. Mr. Ezzi charged at an hourly rate of $300.00 per hour for work performed in 2023, and $325 for work performed in 2024 and 2025. *Id*. at 95–102. Mr. Kraus issued a $3,000.00 retainer to Mr. Ezzi, and I have already reimbursed that expense in the section above. So I need to weigh and decide the reasonableness of the remaining $10,193.77. As the

4

establishment of the guardianship was necessary for compensation to be awarded, these fees and costs shall be awarded in full.

### c. Petitioner's Costs to Maintain a Minor Guardianship over T.M.'s Estate

Petitioner additionally requests that the fees and costs associated with the maintenance of the guardianship of T.M.'s estate be reimbursed - in the amount of $19,868.46. Mot. at 1–2. This amount consists of an expected $3,954.00 per year for six years (when T.M. reaches the age of majority), reduced to present day value using a 3% return rate. *Id.* at 1–2, 103–105 In support of this request, petitioner submitted an invoice from Mr. Ezzi which outlined the number of hours per year and costs associated with maintaining and discharging T.M.s' estate for one year. Mot. at 103–05.

Expenses used to maintain a minor guardianship were only considered an allowable expense recently, when the Federal Circuit ruled that the expenses of the creation and maintenance of a guardianship come within Section 15(e)(1) of the Vaccine Act, and are therefore an allowable expense. *McCulloch v. Sec'y of Health & Hum. Servs.*, 923 F.3d 998 (Fed. Cir. 2019). Thus, this class of expense is compensable. And I have reviewed the projected expenses to comply with the requirements of the state court, and deem them reasonable. Petitioner will be awarded a total of $19,868.46 for the maintenance of the guardianship of T.M.'s estate.

## CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of a final fees award, I **GRANT IN PART** Petitioner's Motion for Attorney's Fees and Costs awarding total amount of **$121,041.38**, reflecting (a) $75,339.20 in attorney's fees and $15,639.95 in costs; and (b) $45,702.18 in Petitioner's unreimbursed costs and future costs to establish and maintain a guardianship over T.M.'s estate, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[4]

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master